**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| Patricia Pacella , | : |
| | : Civil Action No.: _____ |
| Plaintiff, | : |
| v. | : |
| | : |
| Performant Recovery, Inc.; and DOES 1-10, | : **COMPLAINT** |
| inclusive, | : |
| | : |
| Defendants. | : |
| | : |

For this Complaint, Plaintiff, Patricia Pacella, by undersigned counsel, states as follows:

<u>**JURISDICTION**</u>

1.      This action arises out of Defendants' repeated violations of the Fair Debt
Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), in their illegal efforts to
collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that
Defendants transact business in this District and a substantial portion of the acts giving rise to
this action occurred in this District.

<u>**PARTIES**</u>

4.      Plaintiff, Patricia Pacella  ("Plaintiff"), is an adult individual residing in Brockton,
Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Performant Recovery, Inc. ("Performant"), is a California business
entity with an address of 333 North Canyons Parkway, Suite 100, Livermore, California 94551,
operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. §
1692a(6).

6.    Does 1-10 (the "Collectors") are individual collectors employed by Performant and whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.    Performant at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.    Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.    The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.    The Debt was purchased, assigned or transferred to Performant for collection, or Performant was employed by the Creditor to collect the Debt.

11.    Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Performant Engages in Harassment and Abusive Tactics

12.    On January 29, 2014, Performant called Plaintiff's sister and stated that Plaintiff owed the Debt and that Plaintiff's wages would be garnished if the Debt was not paid.

13.    Thereafter, Plaintiff called Performant to ask why it was calling her family members.  In response, Performant told Plaintiff that it would garnish her wages if the Debt was not paid.  However, upon information and belief Performant had no present legal ability to affect an immediate garnishment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

14.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15.     Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted Plaintiff's sister for purposes other than to confirm or correct location information.

16.     Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants disclosed details regarding the Debt to Plaintiff's sister.

17.     Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with Plaintiff's sister regarding the Debt.

18.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

19.     Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

20.     Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened Plaintiff with garnishment if the Debt was not paid.

21.     Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.

22.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

23.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

24.     Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT,
## M.G.L. c. 93A § 2, et seq.

25.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.      Defendants employed unfair and deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

27.     Defendants threatened that nonpayment of the Debt would result in the garnishment of Plaintiff's wages, in violation of 940 CMR § 7.04(1)(b).

28.     Defendants contacted persons other than Plaintiff and those residing in Plaintiff's household, and implied the fact of the debt to any such person, in violation of 940 CMR § 7.06(1)(a).

29.     Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4.  Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

5.  Punitive damages; and

6.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 19, 2014

Respectfully submitted,

By   /s/ Sergei Lemberg

Sergei Lemberg (BBO# 650671)
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff